# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

---

No. 97-40484
Summary Calendar

---

In the Matter of: CLAMONT ENERGY CORPORATION, INC.,

                                                                    Debtor

LEO ROGERS DUGAS,

                                                                    Appellant,

versus

CLAMONT ENERGY CORPORATION, INC.;
CLARON CORPORATION, INC.,

                                                                    Appellees.

---

Appeal from the United States District Court
For the Eastern District of Texas
(1:96-CV-478)

---

October 28, 1997

Before POLITZ, Chief Judge, JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

    Leo Roger Dugas, proceeding *pro se*, appeals the district court's dismissal

---

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his appeal of the judgment of the bankruptcy court. The dates of action in this cause are important. On April 16, 1996 the bankruptcy court orally announced that the proceeding would be remanded to state court. On May 9, 1996 Dugas filed a motion for reconsideration five days before the court signed a written order on remand. The bankruptcy court denied this motion on June 11, 1996. Dugas noticed an appeal to the district court 17 days later on June 28, 1996. The district court dismissed the appeal as untimely. Dugas appealed to this court within 30 days of the ruling by the district court.

Jurisdiction is always a threshold issue. Accordingly, we do not reach the merits of Dugas' motion for we must conclude that the district court correctly ruled that it was compelled to dismiss the appeal of the bankruptcy court's order for failure of a timely appeal. Although the district court has jurisdiction to hear appeals from the bankruptcy court,[1] to effectuate that appellate jurisdiction a party must file a notice of appeal within 10 days after entry of the order subject to the appeal.[2] The effect of a motion, such as one under Federal Bankruptcy Rule 9023 to alter or amend the judgment, shall run from the entry of the order denying such

---

[1] See 28 U.S.C. § 158(a).

[2] **In re Moody**, 41 F.3d 1024 (5th Cir. 1995).

motion.[3]  Therefore, Dugas' failure to file a notice of appeal within 10 days  after the bankruptcy court's ruling on the motion to reconsider compelled dismissal of the appeal by the district court.[4]  That failure likewise compels our ruling.

The judgment of the district court is AFFIRMED.

---

[3] Fed.Bankr.R. 8002(b)(2).

[4] This court has previously held that a motion to reconsider, brought before the time to appeal has expired, is more properly treated as a Rule 9023 motion, which tolls the 10-day period for appeals. **In re Aguilar**, 861 F.2d 873 (5th Cir. 1988).